# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STAN JOSEPH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:05-CV-2390 |
| | ) |
| BI-STATE DEVELOPMENT AGENCY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Plaintiff brought this action alleging race discrimination under Title VII, 42 U.S.C. § 2000e-2(a)(1), and retaliatory discharge under Missouri Workers' Compensation Law, Mo.Rev.Stat. § 287.780. This matter is before the Court on Defendant's motion for summary judgment (# 54), filed May 30, 2007. Responsive pleadings have now all been filed. This cause of action is currently set for trial on the Court's docket of October 15, 2007.

## Summary Judgment Standard

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977); Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 209 (8th Cir. 1976). However, summary judgment motions "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988). That being said, the Eighth Circuit sparingly grants summary judgment in employment discrimination cases. E.g., Wheeler v. Aventis Pharmaceuticals, 360 F.3d 853, 857 (8th Cir. 2004) (courts should apply summary judgment with caution when intent is the central issue); Haglof v. Northwest Rehabilitation, Inc., 910 F.2d 492, 495 (8th Cir. 1990); Hillebrand v. M-Tron Indus., Inc., 827 F.2d 363, 364 (8th Cir. 1987), *cert. denied*, 488 U.S. 1004 (1988).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). Summary judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party. Hindman v. Transkrit Corp., 145 F.3d. 986, 990 (8th Cir. 1998) (citations omitted); see Mayer v. Nextel West Corp., 318 F.3d. 803, 806 (8th Cir. 2003) (citing Keathley v. Ameritech Corp., 187 F.3d. 915, 919 (8th Cir. 1999)). However, it is clear that to survive summary judgment, a plaintiff must support his allegations with sufficient probative evidence to permit a finding in his favor based upon more than mere speculation, conjecture, or fantasy. Putnam v. Unity Health Systems, Inc., 348 F.3d. 732, 733-34 (8th Cir. 2003) (quoting Wilson v. Int'l Bus. Mach. Corp., 62 F.3d. 237, 241 (8th Cir. 1995)).

Further, the court will only consider facts which are supported by the record in compliance with Federal Rule of Civil Procedure 56(e). Rule 56(e) states that once a motion is made and supported, an adverse party must set forth specific facts supported by the record showing that there is a genuine issue for trial. In instances defendant makes an assertion of fact and supports it with the record, plaintiff's general denial will not be sufficient to create a genuine dispute. With these principles in mind, the Court turns to an examination of the facts.

## Analysis

Defendant urges the Court that Plaintiff has failed to establish at least one element of his prima facie case as to each count alleged in his complaint, and therefore summary judgment is proper in its favor. Specifically, Defendant first asserts that Plaintiff has not proven a case of race discrimination under Title VII in that he did not sufficiently establish disparate treatment as between himself and other "similarly situated" employees, or comparables, not within his protected class. Defendant next insists that Plaintiff has failed to make a case of retaliatory discharge under Mo.Rev.Stat. § 287.780, claiming that Plaintiff failed to demonstrate an exclusive causal relationship between his workers' compensation claims and his subsequent termination.

**I. Title VII Race Discrimination**

Title VII forbids an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1); LaRocca v. Precision Motorcars, Inc., 45 F.Supp.2d 762, 768 (D.Neb. 1999). An employee has a cause of action under Title VII under a disparate treatment theory where he can prove discriminatory intent or motive with respect to his termination. LaRocca at 771. In so proving, an aggrieved employee must present direct evidence, or circumstantial evidence using the burden-shifting framework set out by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-06 (1973). Under the latter approach, an employee must initially make out a prima facie case of racial discrimination, showing that "similarly situated employees outside the protected class were treated differently." Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005) (quoting Tolen v. Ashcroft, 377 F.3d 879, 882 (8th Cir. 2004)). See also Davenport v. Riverview Gardens School Dist., 30 F.3d 940, 945 (8th Cir. 1994) (citing Craik v. Minnesota State Univ. Bd., 731 F.2d 465, 469) (Title VII requires only that plaintiff demonstrate that his discharge occurred in "circumstances which allow the court to infer unlawful discrimination.") and accord Wheeler at 857. If the employee establishes a prima facie case of racial discrimination, the employer must then articulate a legitimate, non-discriminatory reason for the termination. McDonnell Douglas at 771. Once this burden is met by the employer, the burden shifts back to the employee to show pretext. Id.

Defendant first argues that Plaintiff did not make out a prima facie case of discrimination in that he did not establish that "similarly situated" employees were treated differently. Defendant relies upon Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000) (citing Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 972 (8th Cir.1994)) which applies a very high standard in assessing "similarly situated", i.e. "similarly situated" persons for purposes of identifying disparate treatment must be "similarly situated in all relevant aspects to her by a preponderance of the evidence." This Court takes note of the conflicting line of cases in the Eighth Circuit setting the standard for "similarly situated" at the different stages of the McDonnell Douglas framework and applies a lower standard in assessing "similarly situated" at the prima facie stage. Compare Clark at 918, applying a rigorous "similarly situated" standard at the prima facie stage with Rodgers v. U.S. Bank, N.A, 417 F.3d 845, 851-52 (8th Cir. 2005) and Wheeler at 857 (citing Williams v. Ford Motor Co., 14 F.3d 1305, 1308-09 (8th Cir.1994)), applying a rigorous standard only at the

pretext stage, and a lower standard at the prima facie stage. This Court finds that a plaintiff in an employment discrimination action should be afforded every opportunity to make his or her case, and therefore adopts the criterion for "similarly situated" as set forth in Rodgers, *et al*.

In his most recent filing with the Court, Document # 55-1, filed May 30, 2007, Plaintiff discusses one comparable, Mr. Donald Eckert ("Eckert"), for purposes of his disparate treatment claim. Plaintiff is a black male who was employed by Defendant as a driver out of the DeBaliviere terminal and supervised by Willie James, and who was discharged shortly following a physical altercation with a passenger. In comparison, Eckert is a white male driver of Defendant who was, and remains to be, employed out of the DeBaliviere terminal and similarly supervised by James. Additionally, Plaintiff alleges that Eckert was involved in two separate disputes with passengers, yet not terminated, nor disciplined, in any manner. Eckert's first incident involved a physical altercation with a passenger. The second incident involving Eckert concerned a fare dispute with a passenger, wherein Eckert got out of his driver's seat. Both of Eckert's alleged incidents violated Defendant's guidelines, but Eckert was not dismissed for either violation. Using a low standard to assess the similarity of the two employees at the prima facie stage, this Court finds that there are facts sufficient to conclude that employees outside Plaintiff's protected class, e.g., Eckert, were engaged in similar conduct yet subject to different consequences.

Assuming Plaintiff has met his burden in making out a prima facie case of discrimination, Defendant must next set forth a facially neutral explanation for its action. This Court is not in a position to question the business judgments of an employer, and the reasons given by Defendant in this case meet the production requirements under the rule. After an internal investigation, Plaintiff was found to be in violation of Defendant's Employee Guidelines, i.e. engaging in a physical altercation with a passenger, and was thereafter discharged. The fact, raised by Plaintiff, that an outside arbitrator found the actions of Plaintiff to be proper under the circumstances does not mitigate the sufficiency of Defendant's race-neutral explanation for its actions.

The Court next turns to whether Plaintiff produced sufficient evidence to prove pretext. At this stage, the burden of establishing "similarly situated" is rigorous. Wheeler at 857-58. In order to meet this higher standard, the plaintiff and his comparables must be similar in all relevant aspects; e.g., subject to the same standards and seriousness of conduct, without any mitigating or distinguishing circumstances. E.g., Wheeler at 858; Rodgers at 853; Clark at 918.

In proving pretext, Plaintiff points again to Defendant's alleged disparate treatment of comparables. At the pretext stage, the Court may only consider those employees who were engaged in comparably serious misconduct. In that way, the Court finds that Eckert's January 9, 2005 incident whereby he allegedly violated Defendant's guidelines in leaving his seat is not relevant to the case at bar. Conversely, the Court finds the November 8, 2004 incident involving Eckert's alleged physical altercation with a passenger to be on point.

In both the incident for which Plaintiff was terminated and Eckert's November 8, 2004 incident, a physical altercation took place as between Defendant's employee and a passenger, and both employees respectively claimed self-defense. Defendant cites Rule 7 of the Employee Guidelines in justifying Plaintiff's termination. Violation of Rule 7 warrants discharge, and the Rule provides: "Assaulting or engaging in any physical altercation with any person, while on duty or on Agency property. This includes utilizing more than appropriate force for self-defense or in defense of a customer." Defendant's Exhibit 4, pages 1-2.

The facts set forth in Defendant's Exhibit 14, paragraphs 2, 3, and 4 set forth that Eckert did engage in a physical altercation with a passenger when he got out of his driver's seat and used force against the passenger to defend himself. Defendant argues that Eckert's conduct was mitigated by the facts that he did not confront the passenger until he was assaulted and he did not use excessive force in defending himself. Comparatively, Defendant argues that Plaintiff struck the passenger first and used more than appropriate force in defending himself. Contrary to the position taken by Defendant, Plaintiff testified at deposition that the passenger at issue was the initial aggressor and that Plaintiff resorted to physical action only after verbal assaults and the ultimate threat of immediate physical force. Document # 61-6, pages 6- 30, filed July 13, 2007. This testimony is not addressed by Defendant except in reference to its final decisions during the review of its decision to terminate. In that way, this Court finds that, in the light most favorable to Plaintiff, Plaintiff's testimony and the absence of the second videotape which was last in the possession of Defendant, which may have been used to rebut Plaintiff's testimony, adduces to a dispute as to material fact which cannot be resolved by this Court. Furthermore, this Court finds the conclusion/opinion of the arbitrator, who determined that Plaintiff used an appropriate amount of force in defending himself, to be relevant to the issue of whether Defendant's reasoning was pretextual, and its termination discriminatory.

For the foregoing reasons, this Court finds that Defendant has not sufficiently explained the dissimilarity as between Plaintiff and Eckert, or the reason for which the two employees were disparately penalized. Accordingly, Defendant's motion for summary judgment as to Count I is denied. See Davenport v. Riverview Gardens School Dist., 30 F.3d 940, 946 (8th Cir. 1994) (summary judgment improper if plaintiff raises genuine doubt as to legitimacy of defendant's motive, even if plaintiff does not actually disprove articulated reasons for its actions).

**II. § 287.780 Retaliatory Discharge**

Under Section 287.780, Missouri Workers' Compensation Law prohibits any kind of discrimination imposed upon an employee for exercising his compensation rights. As such, "[a]ny employee who has been discharged or discriminated against shall have a civil action for damages against his employer." Mo.Rev.Stat. § 287.780. To prevail in such an action, the employee must establish an exclusive causal relationship between the exercise of his rights and the actions of the defendant. St. Lawrence v. Trans World Airlines, Inc., 8 S.W.3d 143, 149 (Mo.App. 1999) (citing Coleman v. Winning, 967 S.W.2d 644, 648 (Mo.App. 1998)).

In his complaint, Plaintiff alleges that he was discharged in retaliation for filing three workers' compensation claims, and that there was an exclusive causal relationship in Defendant's termination and the respective claims "in that Defendant strongly objected to and challenged the severity of Plaintiff's injuries."

Defendant substantiates its termination on grounds that Plaintiff violated Employee Guidelines by assaulting a passenger, and its termination was therefore valid and nonpretextual. See St. Lawrence at 149. Defendant further asserts that it should prevail because Plaintiff admits that his exercise of rights under the Workers' Compensation Law was not the exclusive cause of his discharge. Finally, Defendant urges the absence of causality based upon the lack of temporal proximity between the filing of Plaintiff's workers' compensation claims and his ultimate termination. This Court finds that under the summary judgment standard, Defendant's arguments are without merit.

First, in looking at the summary judgment facts in the light most favorable to Plaintiff, this Court cannot conclude that Defendant's discharge of Plaintiff was valid and nonpretextual. The court in Kummer v. Royal Gate Dodge, Inc., 983 S.W.2d 568, 571 (Mo.App. 1998) reversed a

grant of summary judgment where the summary judgment facts supported a finding that there may have been an improper "real reason" for plaintiff's discharge. Id. at 572. In Kummer, defendant discharged plaintiff claiming that plaintiff was unable to perform ordinary duties and responsibilities due to a work-related injury and for lack of production. Id. at 570. Although plaintiff stipulated that he was "unable to establish an exclusive causal relationship between the exercise of his rights and his termination and the fact that employer set forth," and the fact that defendant arguably had a valid, non-discriminatory motive for its discharge, the reviewing court nevertheless found that the summary judgment facts revealed conflicting evidence on the "real reason" for plaintiff's discharge. Id. at 571. The court drew special attention to employer's statements indicating a dislike for plaintiff's physical therapy because it interfered with work time, that the discharge was caused by a lack of sales, that the "real reason" for the discharge was because plaintiff was costing the company too much money, and that the company had already spent hundreds of thousands on plaintiff's injury. Id. The reviewing court held that summary judgment was improper because if all the facts were taken as true, there was evidence sufficient to support a finding that the real reason for the termination was the workers' compensation claim. Id. at 572.

In applying Kummer, this Court finds that the facts presented by Plaintiff support a finding that there existed a causal relationship between Plaintiff's exercise of rights under the Workers' Compensation Law and his discharge. Specifically, the facts presented by Plaintiff differ from those offered by Defendant, which contribute Plaintiff's discharge to his violation of company guidelines when he assaulted a passenger. Plaintiff, on the other hand, urges that the President of the Amalgamated Trade Union stated that Defendant's President/CEO complained about excessive workers' compensation cases and the associated excessive costs to the company. Plaintiff's deposition supports this claim in that, subsequent to filing his workers' compensation claims, Plaintiff was investigated for a baseless sexual harassment claim and confronted with several "frivolous" complaints, was informed by Defendant's "shed captains" and supervisors that he was being retaliated against for filing worker's compensation lawsuits, and he was ultimately terminated. In such circumstances, wherein "facts are in dispute as to whether or not conduct by an employer towards an employee is discriminatory, the question is one for a jury." Palermo v. Tension Envelope Corp., 959 S.W.2d 825, 828 (Mo.App. 1997). Therefore, this Court finds that

the facts before it present more than one possible cause for termination and should be submitted to a jury for resolution.  See also Wiedower v. ACF Industries, Inc., 715 S.W.2d 303, 307 (Mo.App. 1986) ("Even though an employer produces evidence of a legitimate reason for the employee's discharge, the plaintiff who is able to persuade the jury that the employer's reason is pretextual and not causal is entitled to a   verdict.").

Next, Defendant's argument that it should prevail because Plaintiff admitted that his termination was the result of a fare dispute with a passenger is without merit.  Although Coleman at 648 (citing Wiedower at 306) does provide that the "exclusive cause for the employee's termination must be the exercise of a right under the Workers' Compensation Law," where there are different theories as to the cause of termination, they must be submitted to the jury.  Wiedower at 306.  In Coleman at 647, the court found sufficient evidence to support possible pretext because, although employee acknowledged that he was told he was terminated because employer's president did not want to pay his health insurance premium while he was off work, employee denied this was the true reason for his discharge.

Here, Plaintiff has several times stated that he was discharged because he violated Defendant's guidelines, i.e. "[g]ot into a fare dispute with a passenger." Document #55-2, line 17, filed May 30, 2007.  However, similar to Coleman, Plaintiff has at no time admitted, and in fact has affirmatively denied, that Defendant's proffered reasons for his discharge were the "real reasons."  Plaintiff testified at his deposition that Defendant retaliated against him for filing the workers' compensation claims, citing Defendant's investigation and confrontation of Plaintiff regarding several baseless claims, the statements of several supervisors indicating Defendant's retaliatory intent for filing the claims, and Plaintiff's ultimate termination.  Like the Coleman court, this Court finds that a genuine issue as to material fact remains for the jury as to whether Plaintiff was terminated for exercising his rights under the Workers' Compensation Law.

Finally, Defendant asks the Court to consider the lack of temporal proximity between Plaintiff's workers' compensation claims and his ultimate termination.  The rule cited by Defendant in Coleman at 648 (citing Reed v. Sale Memorial Hosp. and Clinic, 698 S.W.2d 931, 935 (Mo.App. 1985)) sets forth that proximity in time between the exercise of the right and the time of firing is a factor to be considered, although not conclusive, in establishing wrongful discharge.  Although the Court agrees that the foregoing factor is one to be considered, on these

facts, it is not determinative.

The summary judgment facts illustrate that Plaintiff's three workers' compensation claims were filed on or about November 20, 2003, September 6, 2004, and January 26, 2005. Defendant terminated Plaintiff on March 22, 2005. Although the time span between Plaintiff's filings and his termination is "lengthy" as Defendant suggests, Plaintiff's allegations that Defendant complained about Plaintiff's workers' compensation claims and made remarks exposing retaliatory intent, together with the proximity between the last claim filed and Plaintiff's termination, amount to facts sufficient to survive summary judgement. Therefore, this Court concludes that there are unresolved material facts as to the propriety of Plaintiff's termination. See then Wiedower at 307 (citing Craig v. Thomas, 244 S.W.2d 37, 41 (Mo. Banc 1951)) ("where the facts are in dispute as to whether the discharge was or was not wrongful, the question is always one for the jury").

Accordingly, this Court hereby denies Defendant's motion for summary judgment as to both counts alleged in Plaintiff's complaint because Plaintiff presented sufficient evidence to create a factual dispute as to whether Defendant discriminated against him in violation of Title VII and whether Defendant terminated him in violation of Section 287.780 of Missouri Workers' Compensation Law.

Dated this 7th day of September, 2007.

**SENIOR UNITED STATES DISTRICT JUDGE**